# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30020
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2015

Lyle W. Cayce
Clerk

GARRARD M. MYERS,

> Plaintiff - Appellant

v.

HERCULES OFFSHORE SERVICES, L.L.C.,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4870

Before HIGGINBOTHAM, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Following a bench trial, the United States District Court for the Eastern District of Louisiana held that plaintiff Garrard Myers did not establish his injury was due to defendant Hercules Offshore Services, L.L.C.'s negligence or the unseaworthiness of the defendant's vessel. Myers appeals the district court's judgment and its denial of his motion for new trial. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30020

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2013, Myers injured his left ankle while aboard Hercules' drilling rig, HERCULES 49. In June 2013, Myers brought suit against Hercules pursuant to the Jones Act and general maritime law. *See* 46 U.S.C. 30104 *et seq.* Myers alleged that his injuries were the result of Hercules' negligence and the unseaworthiness of HERCULES 49 because the vessel's shower stalls lacked handrails and slip-resistant surfaces or mats. In September 2014, the district court conducted a bench trial.

At trial, two different factual accounts of the accident were given. Myers testified that when exiting the shower stall adjacent to his bunkroom, he slipped on the shower floor and injured his ankle. Hercules' offshore installations manager Randall O'Bryan testified that when he asked Myers what happened, Myers "explained that his slipper [] broke and he slipped in the shower." Myers testified that his flip flop did not break before, during, or after he slipped in the shower, and that he did not tell O'Bryan that it broke. The deposition of a Hercules galley hand was submitted at trial. The galley hand, who was in the shower room at the time of the accident, testified that he saw Myers immediately after he fell, and Myers's flip flops were not broken.

O'Bryan also testified that Myers prepared a handwritten incident report that either he or toolpusher Lewis Hillman subsequently transcribed. The handwritten report was not presented at trial. The transcribed report read: "When getting out of shower, my shower shoe on left foot broke causing my left foot to slip and twist and resulted in falling out of shower." Both O'Bryan and Hillman testified that the transcribed report would not have been any different from the handwritten report. Myers did not testify to making a handwritten report but did concede that he signed the transcribed report. He stated, however, that he signed only the second page of the report and did not see the first page where the incident details were recorded.

2

No. 15-30020

In October 2014, the district court issued its "Findings of Fact and Conclusions of Law" ruling in favor of Hercules. The court found that the "weight of the evidence leads to the conclusion that Myers slipped and fell when his flip flop . . . broke, which is not attributable either to Hercules' alleged negligence or the alleged unseaworthiness of the vessel." It further held that the "HERCULES 49 was stationary and secured to the water bottom at the time of Myers's accident" and "[t]here are no regulations or other requirements that such a vessel have handrails in the shower." Therefore, "the HERCULES 49 was not unseaworthy for lacking handrails or mats in the shower." Myers filed a motion for new trial and/or to alter or amend the judgment which the district court summarily denied. Myers timely appealed.

## DISCUSSION

Where a case is decided at a bench trial, we review the district court's factual findings for clear error. *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258 (5th Cir. 2006). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Id.* (citation, quotation marks, and alterations omitted). If the district court's findings are "plausible in light of the record viewed as a whole, the court of appeals cannot reverse even though, if sitting as the trier of fact, it would have weighed the evidence differently." *Id.* The denial of a motion for new trial after a bench trial is "within the sound discretion of the trial court and will not be disturbed unless there is an abuse of that discretion or misapprehension of the law; review of the denial of a motion for new trial is especially deferential." *Thompkins v. Belt*, 828 F.2d 298, 302 (5th Cir. 1987) (citation and quotation marks omitted).

No. 15-30020

The district court found that Myers failed to establish either negligence or unseaworthiness because the "weight of the evidence" led to the conclusion that his injury occurred when his flip flop broke. As the court pointed out in its order, O'Bryan testified at trial that Myers told him that his flip flop "broke" as he was exiting the shower. In his deposition testimony, O'Bryan explained that he interpreted "broke" possibly to mean that the flip flop's "Y"-shaped strap was pulled from the sole of the shoe, and that the strap was pushed back through the sole thereafter. O'Bryan also testified at trial that Myers prepared an incident report detailing that his flip flop broke. Both O'Bryan and Hillman testified that there was no reason the handwritten report would be different from the transcribed report. Myers argues that there was conflicting evidence. For example, he testified that his flip flop was not broken, that he never told anyone it was broken, and that the strap never came out of the sole.[1] None of this changes our conclusion. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Bertucci Contracting Corp.*, 465 F.3d at 258 (citation and quotation marks omitted). There was no clear error here.

In addition to the district court's findings about whether the flip flop broke, the district court also determined that Myers failed to establish that his injury was caused by either Hercules' negligence or the vessel's unseaworthiness. Myers does not address this determination and, accordingly, that finding is not entitled to reversal.

---

[1] Myers also argues that O'Bryan "gave inconsistent information on what he was supposedly told by Myers" because one Hercules employee testified that "O'Bryan specifically told him Myers did not slip – rather his injury was caused when his flip flop became snagged on the shower lip." What the employee actually said is: "[O'Bryan] told me he didn't slip, he said he snagged his flip-flop, whatever he was wearing, shoewear, coming out of the shower, and it became detached."

4

No. 15-30020

As to the district court's denial of the motion for new trial, Myers states that the "central issue brought up in the motion was the district court's failure to examine the physical evidence admitted at trial." He contends that the district court's failure to examine the actual flip flops at trial was an abuse of discretion because the "flip flops were in evidence and were clearly shown to be not broken." Myers does not allege that the court did not see the flip flops; instead, he appears to object to the court's failure to inspect them more closely. A fact finder is required to consider all properly introduced evidence and give that evidence the weight it deserves. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983). Here, the evidence was introduced in court. When physical evidence is introduced at a bench trial, neither caselaw nor common sense establishes a minimum distance the judge must be from that evidence before the judge's obligation to consider the evidence is satisfied. The district judge saw the evidence and gave it the weight she thought it deserved.

AFFIRMED.